Next case on today's docket is the case of Christina Wessel v. Greer Management. And we have Brian McGovern for the appellate. And we have Matthew Trapp for the appellate. And we proceed with Mr. McGovern. Good afternoon. Good afternoon. May it please the court. What we have here before your honors today is a case of an employment contract case. The first provision is a rather simple contract on one page. It states that the plaintiff, my client, was the employee in a certain position at the defendant's business from a certain date and time to an ending date and time. It specified it couldn't be any more definite or certain. Nine provisions later, there's a provision which says that the employer, defendant, can change any of these provisions at any time for any reason, any way. It also mentions that the contract will be governed by the policy manual of the employer. And then it states that the employee acknowledges she is an at-will employee. They terminated her before the end of the contract, and that's where this suit has arisen. The trial court on a 2615 motion dismissed the case with prejudice, and the plaintiff believes that that is an error. It is an error because under a 2615 motion, the trial court should have accepted the complaint as well-pleaded allegations as true, and the plaintiff did that in this case. It is also true under a 2615 motion that if the trial court finds that there, despite well-plead allegations, that there would be no set of facts that would entitle the plaintiff to recover, then you could dismiss a case under 2615 for that basis also. The court erred, which is quite frankly, I think, realistically what the court found here, although it's somewhat unclear. But the court erred in this case under that reason also, and that is because it is clear that when you look at the first provision, which is a definite and specific term of employment, and compare that to the ninth provision, they are absolutely incompatible. These two provisions cannot live in the same contract at the same time. The question of the construction of a contract is a question of law for the court to decide, and isn't what the trial court did here was construe the contract, and the court's determination was that paragraph one is modified by paragraph nine, essentially. Essentially. And isn't the proper way to construe a contract by looking at the four corners of the contract and construing all of the provisions as a whole? That's correct. You want them all to be harmonious. Right. And so, I mean, if the trial court's construction of the contract was correct, then its order was correct. Well, I suppose that would be true, except for the fact that the court's construction of the contract was not correct. Well, I was asking you to assume that it was. So it really boils down to that issue, doesn't it, whether or not if the trial court properly construed this contract, and that's a question for us as a matter of law, as a de novo issue on the construction of the contract. You know, I mean, if he construed the contract correctly, he did the right thing dismissing it with prejudice. That's all I'm saying. Listen, I do believe that the law permits a court at any time to decide that the contract can be read and there can be but no other conclusion, and it can be read as a matter of law. But that wouldn't necessarily require the court to find that there is no ambiguity between provision one and provision nine. I mean, the court can't just decide out of the blue that this provision as a matter of law beats this other provision. I mean, how can the court in this case? Let me ask the question, the same question I think what Justice Stewart is getting at is the standard of review that we are looking at, and that is de novo based upon the four corners of this contract. Do you agree with that? Yes. Okay. It is a de novo review, both because it's an interpretation of a contract and it's a 2-6-15 motion. But what I'm saying is that, look, we know that the general rule is that all of, first of all, all employment is contractual. It goes back forever. And that the general rule is that all employment is at will as a result, and then we make exceptions to that. And one of those is undeniably, well, black letter law, that if you provide a specific term of employment, it is no longer at will. And then we have this other provision. And, again, I guess I would say it this way. Again, I'll say that to me it's clearly ambiguous when you have two provisions which are a direct contradiction to one another. But I will also say this, is why is it that if we have Provision 1 and we have Provision 9, Provision 1 gives a definite and certain term of employment, Provision 9 says it's at will. Why is it that the Provision 9 wins that battle? Why couldn't the court just decide that Provision 1 wins the battle? Can I give you a suggested answer to that? Of course. The suggested answer would be because of the first sentence in Paragraph 9, which says they reserve the right to change the above provisions at any time. Now, it's one thing to have, let me just suggest this. It's one thing to have a definite duration and then a statement you're an at will employee, and there could be discussion about whether or not those are two diametrically opposed provisions. It's a different one to say a definite duration and the employer can change that definite duration at any time and you're an at will employee. Isn't that what the trial court was saying? I mean, in Paragraph 9 it says the above provisions, which means 1 through 8, and that means that under Paragraph 9 the employer can change the period of duration, which means it's not a period of definite duration. So Your Honor is drawing a line between the general principles of contractual law and at will law and a provision which says that they can change the terms at any time. And I would simply state this. To the extent that this is what the trial court ruled on, that's an illusory promise. I mean, if I say to somebody, I will give you $100 tomorrow unless, of course, I decide I'm only going to give you 50 the next day. If I decide to give you any money at all, that promise I made is not a promise at all. Which is what at will employment is. There's no promise, right? You can be fired the next day, start to work today, come in tomorrow, I don't like your looks, you're fired. That's what at will employment is. But again, well, that's true, but that's not what happened here. I mean, what happened here is the employer did, in fact, tell her. They promised. They didn't promise her at will employment. They promised her you will be the regional operations and compliance manager from January 1st of 12 to December 31st of 14. That exists. That is a contract. And we reserve the right to change that. That's what it says, right? There's no contract at all in your honor. I mean, it's literally that there's no contract at all in this case. I mean, if any contract, not just employment contracts, because to the extent that we're now no longer talking about at will contracts, but we're talking about provisions and contracts which allow one party to change terms any time, then any contracts, whether it's the purchase of real estate or the buying and selling of goods, if they put in a provision which says we can change the terms any time, it's really no contract at all. I promise to ship you 10 computers at $100, and they'll be there by the 15th. And then there's a provision which says, but we have the right to change terms at any time, and I don't ship the computers or I overcharge, then the other person, the other party to the contract has no remedy. But we're not talking about a contract to buy or sell goods or anything like that. We're talking about an employment contract. And there are certain principles in cases that you cite and rely on in determining whether or not a contract is for a definite term, employment contract, or whether it's an at will type of employment and so forth. And that's the context in which the circuit court and now us. But my answer was directed to Your Honor's question about the first sentence of the new provision, which that provision could be in any contract. But your argument, though, is based on you're saying if it's a contract for a definite duration, it is not an at will employment. That's correct. And there's a case law that says that. And you're saying that conflicts with the last sentence in this, which says she's an employee at will. Okay. And I agree that those two would be directly opposed provisions in the contract. The problem is in between it says what can be interpreted, at least, as the employer having the right to change the duration. But, again, keep in mind it's only the employer has that right. So, I mean, here's a person. And then it follows that up by saying what I mean here is you're an at will employee. Well, I mean, I don't, I don't, we don't know because no discovery was conducted in this case. We don't know what the drafter of this, first of all, we technically don't know who the drafter is as a matter of evidence in the record. But we also don't know what the drafter of that document meant by those two. I mean, to the extent that. Well, you've got to find your ambiguity before you even get to explore any of that, right? Yes. And that if, but I will also state, Your Honor, that giving the employer the right to change any term at any time for any reason under this contract, which is a specific and definite duration, is in direct, that provision, too, is in direct conflict with the definite specific term. As the trial court found. The trial court said, well, they did change a term. They changed the term of definite and specific duration. I mean, that on its face is a direct contradiction. Well, isn't what the trial court, isn't what the trial court said is the contract provides they have the right to modify the duration. Therefore, it is not a contract of a definite and specific duration. That, and that, and that is in error. Okay. Because, first of all, because the court, because the court then found, listen, why don't we just get to the brass tacks? Even if this, if this body does not think that there is an ambiguity between whether it's the first sentence of paragraph nine or the at will statement paragraph nine, then, then the only other alternative would be is that this court decided, contrary to the circuit court, that as a matter of law, the first paragraph is clear and unambiguous. And it states it's a definite and specific duration. And, therefore, she's not an at will employee and the employee could not have changed the terms. Because it seems to me that this, any court who's making rulings on a matter of law has to do certain provisions within the contract. This court, the trial court, could have just as easily said, no, it says it's a specific duration. As a matter of law, therefore, it's an enforceable contract and she has a breach of contract action. Could she? So absent this court stating that, meaning we find as a matter of law it's a definite and specific duration, therefore, it's not at will, and, therefore, the employer could not change its terms despite paragraph nine, then this court has to find there's an ambiguity between those provisions. And I will tell you as, again, emphasize that the first sentence as well as the third sentence of paragraph nine are both wholly incompatible with a promise that says you will, in fact, be employed from this date to that date. Because, after all, I'll just say this, if there really is, if one party to any contract has the right to change any of those terms at any time for any reason, then there really is no contract at all. And it's certainly totally one-sided. You have cited the McGovern, excuse me, the McInerney. You're Mr. McGovern. Yes, I am. And the Dole DuLau, if I'm saying that right, cases. Do you agree that those cases state that there's a presumption of at-will employment and that that presumption must be overcome? Yes, I do agree with that. So you're arguing that this document that's attached to your complaint and is exhibit one to the complaint that's nine paragraphs long, that that is sufficient to overcome that presumption? I am arguing that. And that's because numerous cases have so held. And I hope that presumption is overcome by when the contract gives the employee a definite, specific term of employment. That's specifically what overcomes that presumption. So I really don't have much more to add than that. You'll have the opportunity to rebut. Mr. Pratt? May I please report? Go ahead. As you touched on, the plain language of paragraph nine defeats Plank's claim that this document rebuts the presumption that this employment is at-will. It couldn't be any clearer. It says that Career Management Services, my client, reserves the right to change the above provisions any time. Plainly, this means that they can change paragraphs one through eight, paragraph one being the paragraph that contains the specified term of employment that the counsel's relying on. Notably, all of the cases that counsel cited in this brief contain language that's not present here. It guarantees, for example, the Baruti case guarantees a salary for 12 months of $750 per week. PCORA guaranteed a minimum pay of $5,500 a month for the first two years. Grower stated the attached guarantees you a minimum of $22,500. There's no similar language present in this case. And specifically, there was no acknowledgement by the employee in those other cases that it was at-will employment. I think that the Oldemeyer case that was cited in my brief is the case most direct on point. And that's a fifth district case where a school district employee was, she received a letter. They called it an employment letter in May of the year. And it said, we're going to re-employ you for the next school year, and you're going to work six hours a day due to budget issues. In August, they sent a second letter that said, we're going to reduce your hours. I believe it was by an hour a day. Eventually, she filed suit for breach of contract. But in that case, you know, they did look at a policy manual that said each party can terminate this on two weeks' notice. So in that case, the court held that because the employment contract was subject to a two-week termination provision that constituted at-will contract that could be modified at will, despite a specific term being stated in the initial letter of employment. So I think at most, in paragraph one, that would set forth the term that would be anticipated or expected by the plaintiff in this matter. But clearly, career management retained the ability to modify that provision, and plaintiff expressly acknowledged that she was an at-will employee. I don't really have anything other than that on this issue. So I would ask that the court affirm the dismissal of count one. And with respect to count two, which was the implied warranty or implied covenant of good faith and fair dealing, that was dismissed based on the fact that when there's at-will employment, there can't be a covenant of good faith and fair dealing. So we would ask that that can be dismissed as well. Thank you, Mr. Turner. I don't have a lot to add. I'll simply mention again that to the extent that the court is inclined to look at provisions in contracts and pluck out one particular provision over another and find that as a matter of law, that is the provision that trumps all other provisions, then the court could have done that with provision one. I don't think it would – I mean, I would argue that. I could say that that really isn't totally proper either because it is a direct conflict. But I would also direct your attention to the Mitchell case in my brief. I mean, here was a case where they – it was a public employment manual, but it turned out that they found that was a contract. That really wasn't a dispute in the case. And the employee – the employer had the power to terminate the employees despite the contract over dishonesty and other misconduct. And the gentleman apparently made a mistake on his time card. They fired him. It goes all the way to the Supreme Court. And as the Supreme Court stated in there, the Supreme Court there stated that a defendant cannot unilaterally define an ambiguous term and that if they had allowed the other misconduct portion of the contract to – for them to allow the termination on the other misconduct, then that provision swallows up every other page, paragraph, sentence, and word of the contract. And frankly, to the extent that the trial court here, as a matter of law, finds that the employer, who was the only one who had the power to do it, unilaterally had the right to change any provision at any time for any reason, that provision then swallows up every other paragraph and every other word of the contract. Thank you. Thank you, Mr. McGovern, Mr. Trapp. Thank you for your briefs and arguments. We'll take them out in a minute, but I'd like to make a ruling in due course. This court stands on adjournment for the day.